IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00158-ZLW

CARL B. FORD, No. 013957,

    Plaintiff,

v.

MR. LOVINGER, Under Sheriff, Denver Sheriff Department,
ROBERT STAUCH, Denver Deputy Sheriff, and
JAMES HERRERA, Deputy [sic] Deputy Sheriff,
All Defendant's [sic] in There [sic] Official and Ind[i[vidual Capacitys [sic],

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Carl B. Ford, filed *pro se* on July 17, 2012, a "Motion Requesting for Reinstatement of Civil Rights Action", requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on May 28, 2010. The Court must construe the motion liberally because Mr. Ford is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed as a motion to reconsider, and will be denied for the reasons set forth below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Ford's motion to reconsider, which was filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

By order dated April 20, 2010, Magistrate Judge Boyd N. Boland granted Mr. Ford leave to proceed pursuant to 28 U.S.C. § 1915. The April 20 Order also directed Mr. Ford to pay an initial partial filing fee of $52.00, or show cause why he could not pay by filing a certified copy of his inmate account statement. On May 3, 2010, Mr. Ford filed a certified inmate account statement and a letter to the Court. In the letter, Mr. Ford stated that he had "put in" for a money order in the amount of $52.00 to be sent to the Court, but had not received it yet. Mr. Ford did not submit any documents substantiating his claim that he had requested a money order, and the Court did not receive $52.00 from Mr. Ford. Further, the inmate account statement submitted to the Court demonstrated that Mr. Ford had an available balance of $193.00 in his inmate trust fund account.

Therefore, having never received the initial partial filing fee of $52.00 from Mr. Ford, on May 28, 2010, the Court dismissed the action for Mr. Ford's failure to either pay the initial partial filing fee or show cause why he could not. Judgment also entered on May 28, 2010.

In the Motion to Reconsider, Mr. Ford asserts that he was "under the assumption that the court had taken the case under advisement" and that "he is unaware . . . of whether the Court had previously granted or denied the plaintiff [leave] to proceed In Forma Pauperis . . . ." Motion at 1.  Plaintiff does not explain his failure to submit the initial partial filing fee within the time provided, and he does not set forth any extraordinary circumstances exist that justify a decision to reconsider.  Therefore, the motion to reconsider will be denied.

The instant action was dismissed without prejudice, and Mr. Ford may, if he desires, seek to file a new action.  Accordingly, it is

ORDERED that the "Motion Requesting for Reinstatement of Civil Rights Action" (ECF No. 22) filed on July 17, 2012, is DENIED.

DATED at Denver, Colorado, this   20th   day of    July   , 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court